IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAINT CHARLES THURMAN;
GWEN THURMAN;

              Plaintiffs,

    vs.

FREMONT INVESTMENT & LOAN;
UNITED HOME MORTGAGE;
BARCLAYS CAPITAL REAL ESTATE
CORPORATION dba HOMEQ SERVICING;
WELLS FARGO BANK, N.A.; QUALITY
LOAN SERVICE CORPORATION,        and
DOES 1 through 10,

              Defendants.
_____/

No. CIV S-09-3358 JAM EFB PS

ORDER TO SHOW CAUSE

This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On December 2, 2009, defendants Barclay Capital Real Estate Corporation dba Homeq Servicing and Wells Fargo Bank, N.A., removed this action from Solano County Superior Court based on federal question jurisdiction. Dckt. No. 1. On December 15, 2009, defendants filed a motion to dismiss plaintiffs' complaint, and noticed the motion for hearing on January 20, 2010. Dckt. No. 5.

Court records reflect that plaintiffs have filed neither an opposition nor a statement of non-opposition to the motion. Local Rule 230(c) provides that opposition to the granting of a

1

motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by January 6, 2010.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss is continued to February 24, 2010, at 10:00 a.m., in Courtroom No. 24.

2. Plaintiffs shall show cause, in writing, no later than February 10, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than February 10, 2010.

4. Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

////

2

5. Defendants may file a reply to plaintiff's opposition, if any, on or before February 17, 2010.

SO ORDERED.

DATED: January 13, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3