IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAINT CHARLES THURMAN;
GWEN THURMAN;

          Plaintiffs,

  vs.

FREMONT INVESTMENT & LOAN;
UNITED HOME MORTGAGE;
BARCLAYS CAPITAL REAL ESTATE
CORPORATION dba HOMEQ SERVICING;
WELLS FARGO BANK, N.A.; QUALITY
LOAN SERVICE CORPORATION,     and
DOES 1 through 10,

          Defendants.
_____/

No. CIV S-09-3358 JAM EFB PS

ORDER

      This action, which was removed from Solano County Superior Court on December 2, 2009 is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). Defendants move to dismiss plaintiffs' complaint without leave to amend, arguing that the complaint "fails to allege any facts to support any claims against defendants." Dckt. No. 5 at 8.

      In their opposition to the motion to dismiss, plaintiffs request leave to amend their complaint. Dckt. No. 9. Defendants oppose plaintiffs' request to amend, arguing that amendment would be futile because no new set of facts can change the merits of defendants'

1

motion to dismiss, that plaintiffs "will continue to file legally improper briefs before the Court," and that judicial economy favors denying the request for leave to amend. Dckt. No. 11.

Although defendants state that a plaintiff may amend once as a matter of course any time prior to the filing of a responsive pleading, plaintiffs need leave to amend their complaint. Effective December 1, 2009, Federal Rule of Civil Procedure ("Rule") 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[1] Because defendants filed a motion to dismiss pursuant to Rule 12(b), plaintiffs' opportunity to amend "as a matter of course" expired 21 days thereafter.

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187.

////

////

---

[1] The former version of Rule 15(a)(1) provided that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."

Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Although it is unclear precisely what amendments plaintiffs seek to make, their request for leave to file an amended complaint will be granted. There is no indication that plaintiffs, who are appearing pro se, unduly delayed in requesting leave to amend or that their request was made in bad faith, and the court cannot say at this time that amendment would be futile. Further, although defendants have already filed a motion to dismiss the original complaint, if plaintiffs' amended complaint suffers from the same failures that defendants contend the original complaint does, defendants can move to dismiss the amended complaint on similar grounds. Therefore, defendants have completed little or no work that would be disturbed by granting plaintiffs leave to file an amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants have not carried this burden. Accordingly, plaintiffs' motion to amend their complaint will be granted. *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, defendants' motion to dismiss will be denied as moot. Any amended complaint will supersede the earlier complaint which defendants have moved to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' request for leave to amend their complaint, Dckt. No. 9, is granted, and plaintiffs have until April 30, 2010 to file an amended complaint.

////

////

////

////

3

1     2. Defendants' motion to dismiss, Dckt. No. 5, is denied without prejudice.[2]

2     SO ORDERED.

3 Dated: April 13, 2010.

4                       EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE

---

[2] If plaintiffs do not file an amended complaint within the time prescribed herein, defendants may re-notice their original motion to dismiss for hearing before the undersigned.

4