IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAINT CHARLES THURMAN;
GWEN THURMAN;

                Plaintiffs,

     vs.

FREMONT INVESTMENT & LOAN;
UNITED HOME MORTGAGE;
BARCLAYS CAPITAL REAL ESTATE
CORPORATION dba HOMEQ SERVICING;
WELLS FARGO BANK, N.A.; QUALITY
LOAN SERVICE CORPORATION, and
DOES 1 through 10,

                Defendants.
_____/

No. CIV S-09-3358 JAM EFB PS

ORDER TO SHOW CAUSE

This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On December 2, 2009, defendants Barclay Capital Real Estate Corporation dba Homeq Servicing and Wells Fargo Bank, N.A., removed this action from Solano County Superior Court based on federal question jurisdiction. Dckt. No. 1.

On December 15, 2009, defendants filed a motion to dismiss plaintiffs' complaint, and noticed the motion for hearing on January 20, 2010. Dckt. No. 5. Because plaintiffs failed to timely file an opposition or a statement of non-opposition thereto, the court continued the

1

hearing on the motion to dismiss and ordered plaintiffs to show cause why they should not be sanctioned. Dckt. No. 8.  The court admonished plaintiffs that pro se litigants are bound by the rules of procedure and that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  *Id.* (citing Local Rules 183, 110; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

Thereafter, on February 10, 2010, plaintiffs filed an opposition to the motion to dismiss. Dckt. No. 9.  Plaintiffs stated in the opposition that they are homeless and on social security disability status and that they had been responding to the court "with the best of their ability." *Id.* Plaintiffs also requested additional time to submit an opposition and to amend their complaint.  *Id.*  On February 18, 2010, the undersigned granted plaintiffs additional time to file a further opposition to the motion and further continued the hearing date on defendant's motion to dismiss.  Dckt. No. 10.  The undersigned also scheduled a hearing on plaintiffs' motion for leave to amend.  *Id.*

On April 13, 2010, the undersigned granted plaintiffs' motion for leave to amend and denied defendants' motion to dismiss without prejudice.  Dckt. No. 15.  On April 27, 2010, plaintiffs filed a first amended complaint.  Dckt. No. 16.

Defendants now move to dismiss the first amended complaint, and the motion is scheduled to be heard on June 23, 2010.  Dckt. No. 17.  Court records reflect that once again plaintiffs have failed to file either an opposition or a statement of non-opposition to the motion, even though they have been admonished in this case that failure to comply with procedural rules may be grounds for dismissal.  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by June 9, 2010.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss is continued to July 21, 2010, at 10:00 a.m., in Courtroom No. 24.

2. Plaintiffs shall show cause, in writing, no later than July 7, 2010, why sanctions should not be imposed for their failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than July 7, 2010.

4. Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motion, and will result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

5. Defendants may file a reply to plaintiff's opposition, if any, on or before July 14, 2010.

SO ORDERED.

DATED: June 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3