IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAINT CHARLES THURMAN;
GWEN THURMAN;

           Plaintiffs,

   vs.

FREMONT INVESTMENT & LOAN;
UNITED HOME MORTGAGE;
BARCLAYS CAPITAL REAL ESTATE
CORPORATION dba HOMEQ SERVICING;
WELLS FARGO BANK, N.A.; QUALITY
LOAN SERVICE CORPORATION; and
DOES 1 through 10,

           Defendants.
_____/

No. CIV S-09-3358 JAM EFB PS

ORDER

       This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On December 2, 2009, defendants Barclay Capital Real Estate Corporation dba Homeq Servicing and Wells Fargo Bank, N.A., removed this action from Solano County Superior Court based on federal question jurisdiction. Dckt. No. 1. On December 15, 2009, defendants filed a motion to dismiss plaintiffs' complaint, and noticed the motion for hearing on January 20, 2010. Dckt. No. 5.

////

1   Because plaintiffs failed to timely file an opposition or a statement of non-opposition thereto, the
2   court continued the hearing on the motion to dismiss and ordered plaintiffs to show cause why
3   they should not be sanctioned.  Dckt. No. 8.  The court admonished plaintiffs that pro se litigants
4   are bound by the rules of procedure and that failure to comply with the Federal Rules of Civil
5   Procedure and Local Rules may be ground for dismissal, judgment by default, or other
6   appropriate sanction.  *Id.* (citing Local Rules 183, 110; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th
7   Cir. 1995)).

8       Thereafter, on February 10, 2010, plaintiffs filed an opposition to the motion to dismiss.
9   Dckt. No. 9.  Plaintiffs stated in the opposition that they are homeless and on social security
10  disability status and that they had been responding to the court "with the best of their ability."
11  *Id.*  Plaintiffs also requested additional time to submit an opposition and to amend their
12  complaint.  *Id.*  On February 18, 2010, the undersigned granted plaintiffs additional time to file a
13  further opposition to the motion and further continued the hearing date on defendant's motion to
14  dismiss.  Dckt. No. 10.  The undersigned also scheduled a hearing on plaintiffs' motion for leave
15  to amend.  *Id.*

16      On April 13, 2010, the undersigned granted plaintiffs' motion for leave to amend and
17  denied defendants' motion to dismiss without prejudice.  Dckt. No. 15.  On April 27, 2010,
18  plaintiffs filed a first amended complaint.  Dckt. No. 16.  Defendants then filed a motion to
19  dismiss the first amended complaint, and noticed the motion to be heard on June 23, 2010.  Dckt.
20  No. 17.

21      On June 22, 2010, because court records once again reflected that plaintiffs had failed to
22  file either an opposition or a statement of non-opposition to the motion, even though they had
23  been admonished in this case that failure to comply with procedural rules may be grounds for
24  dismissal, the undersigned continued the hearing on the motion to July 21, 2010.  Dckt. No. 21.
25  The undersigned ordered plaintiffs to show cause, in writing, no later than July 7, 2010, why
26  sanctions should not be imposed for their failure to timely file an opposition or a statement of

non-opposition to the pending motion, and to file an opposition to the motion to dismiss, or a statement of non-opposition thereto, no later than July 7, 2010. The order to show cause specifically informed plaintiffs that a failure to file an opposition would "be deemed a statement of non-opposition to the pending motion, and [would] result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b)." *Id.*

On July 7, 2010, plaintiffs filed a motion for leave to file a second amended complaint and noticed the motion for hearing on September 29, 2010. Dckt. Nos. 23, 22. Plaintiffs also responded to the order to show cause, stating that "they did not purposely ignore the Court Rule and Procedures," but that they did not know defendants' motion to dismiss had been filed with the court because it did not contain the "U.S. Court stamp" in the upper right hand corner. Dckt. No. 23 at 2. However, plaintiffs still have not substantively responded to the arguments made in defendants' motion to dismiss.

Although plaintiffs previously sought and were granted leave to amend, in light of plaintiffs' motion for leave to file a second amended complaint, the hearing date of July 21, 2010 on defendant's motion to dismiss will be continued so that the motion to dismiss may be heard at the same time as plaintiffs' motion for leave to amend. *See* L.R. 230(e) ("Any counter-motion or other motion that a party may desire to make that is related to the general subject matter of the original motion shall be served and filed with the Clerk in the manner and on the date prescribed for the filing of opposition. In the event [such a] motion is filed, the Court may continue the hearing on the original and all related motions so as to give all parties reasonable opportunity to serve and file oppositions and replies to all pending motions.").

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The July 21, 2010 hearing on defendants' motion to dismiss is continued to September 29, 2010, at 10:00 a.m., in Courtroom No. 24. Both the motion to dismiss, Dckt. No. 17, and plaintiffs' motion to amend, Dckt. No. 23, will be heard on that date.

////

2. On or before September 8, 2010, plaintiffs may file a further opposition to defendants' motion to dismiss, addressing the substantive arguments made therein, and on or before September 15, 2010, defendants may file a reply thereto.

3. Also on or before September 8, 2010, defendants shall file an opposition or a statement of non-opposition to plaintiffs' motion to amend, and on or before September 15, 2010, plaintiffs may file a reply thereto.

4. The status (pretrial scheduling) conference currently scheduled for September 29, 2010, is continued to November 17, 2010, at 10:00 a.m., in Courtroom No. 24. On or before November 3, 2010, the parties shall file status reports, as required by this court's December 3, 2009 order.

5. The June 22, 2010 order to show cause, Dckt. No. 21, is discharged.

IT IS SO ORDERED.

DATED: July 15, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4