IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAINT CHARLES THURMAN;
GWEN THURMAN;

        Plaintiffs,                No. CIV S-09-3358 JAM EFB PS

   vs.

BARCLAYS CAPITAL REAL ESTATE
CORPORATION dba HOMEQ SERVICING;
WELLS FARGO BANK, N.A.; QUALITY
LOAN SERVICE CORPORATION;

        Defendants.            FINDINGS AND RECOMMENDATIONS
_____/

        This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendants Barclay Capital Real Estate Corporation dba HomEq Servicing and Wells Fargo Bank, N.A. as Trustee under Pooling and Servicing Agreement dated as of February 1, 2006, Securitized Asset Back Receivables LLC Trust 2006-FR1 Mortgage Pass-through Certificates, Series 2006 FR1, sued as Wells Fargo Bank, N.A. ("defendants"), move to dismiss plaintiffs' first amended complaint. Dckt. No. 17. Additionally, plaintiffs move for leave to file a second amended complaint. Dckt. No. 23. For the reasons stated herein, the undersigned recommends that defendants' motion to dismiss be granted in part, that plaintiffs' motion to amend be denied, that

plaintiffs' federal claim be dismissed with prejudice, and that plaintiffs' remaining state law claims be remanded to Solano County Superior Court.

I.      Background

In December 2009, defendants Barclay Capital Real Estate Corporation dba HomEq Servicing and Wells Fargo Bank, N.A. ("defendants"), removed this action from Solano County Superior Court based on federal question jurisdiction, and moved to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] Dckt. Nos. 1, 5. Plaintiffs failed to timely file an opposition or a statement of non-opposition thereto, and the court therefore continued the hearing on the motion to dismiss and ordered plaintiffs to show cause why they should not be sanctioned for violation of Local Rule 230. Dckt. No. 8.

Thereafter, on February 10, 2010, plaintiffs filed an opposition to the motion to dismiss. Dckt. No. 9. Plaintiffs stated in the opposition that they are homeless and on social security disability status and that they had been responding to the court "with the best of their ability." *Id.* Plaintiffs also requested additional time to submit an opposition and to amend their complaint. *Id.* Accordingly, the court granted plaintiffs additional time to file a further opposition to the motion and again continued the hearing date on defendant's motion to dismiss. Dckt. No. 10. The court also scheduled a hearing on plaintiffs' motion for leave to amend. *Id.* On April 13, 2010, the court granted plaintiffs' motion for leave to amend and denied defendants' motion to dismiss without prejudice. Dckt. No. 15.

On April 27, 2010, plaintiffs filed a first amended complaint. Dckt. No. 16. The first amended complaint alleges that defendants violated the federal Real Estate Settlement and

---

[1] Plaintiffs' initial complaint named the following defendants: the two moving defendants (Barclay Capital Real Estate Corporation dba HomEq Servicing and Wells Fargo Bank, N.A.), United Home Mortgage, Fremont Investment and Loan, Quality Loan Service Corporation, and Does 1 to 10. However, plaintiffs' first amended complaint expressly removed all allegations against United Home Mortgage, Fremont Investment and Loan, and Does 1 to 10. Dckt. No. 16, ¶¶ 5, 6. Therefore, the only non-moving defendant in this action is Quality Loan Service Corporation, who does not appear to have been served.

2

Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, as well as various state laws, based on the foreclosure and sale of plaintiffs' home. First Am. Compl. ("FAC"), Dckt. No. 16.

Defendants now move pursuant Rule 12(b)(6) to dismiss the first amended complaint, Dckt. No. 17, and plaintiffs seek leave to file a second amended complaint. Dckt. Nos. 23, 22.

II. Factual Background

In this action, plaintiffs challenge the foreclosure sale of their home in Suisun City, California (the "subject property"). On September 2, 2005, plaintiffs obtained a loan from United Home Mortgage to refinance the subject property. Defs.' Req. for Jud. Notice, Dckt. No. 18, Ex. 1.[2] On July 13, 2007, defendant Quality Loan Service Corp. recorded a "Notice of Default and Election to Sell." *Id.*, Ex. 2. Thereafter, on March 30, 2009, plaintiffs entered into a "Listing Forbearance Agreement" with defendant Barclays Capital Real Estate Corporation dba HomEq Servicing to "hold the foreclosure in abeyance, while attempting in good faith to make a quick and reasonable sale of said property." *Id.*, Ex. 5. After plaintiffs failed to make their payments and cure the default, on April 24, 2009, defendant Quality Loan Service Corp. issued and recorded a "Notice of Trustee's Sale," noticing the sale for May 13, 2009. *Id.*, Ex. 3. The subject property was then sold at a Trustee's Sale on July 22, 2009 to defendant Wells Fargo as Trustee. *Id.*, Ex. 4.

III. Motion to Dismiss

A. Legal Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must

---

[2] Defendants' requests for judicial notice of the exhibits cited herein are granted. Judicial notice may be taken of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). A court may also take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

4

unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.     Plaintiff's Federal Claim: RESPA

Plaintiffs' first amended complaint alleges only one federal claim: that defendants violated RESPA, 12 U.S.C. §§ 2601 *et seq*.[3] FAC ¶¶ 18, 113-120. Plaintiffs allege that defendants "violated both the terms and spirit" of RESPA generally, *id.* ¶ 115, and that defendants failed to respond to plaintiffs' Qualified Written Request ("QWR") in violation of 12 U.S.C. § 2607(b), *id.* ¶ 118. Specifically, plaintiffs contend that on or about May 15, 2009, plaintiffs sent defendant Barclays Capital Real Estate dba HomEq Servicing Corporation a "Notice of Dispute and Request for Accounting, Notice Pursuant to RESPA: Qualified Written Request" and that defendant "failed to respond to said notice by Plaintiffs and have substantially failed to respond to all other communications and inquiries by Plaintiffs." *Id.* ¶ 18. Plaintiffs then attempt to incorporate by reference certain exhibits attached to plaintiffs' initial complaint.

---

[3] Plaintiffs' first amended complaint also asserts a claim for declaratory relief and seek a "judicial determination of defendants' rights, obligations and duties, and a declaration as to who owns plaintiffs' subject property." FAC ¶¶ 99-104. Although it is unclear whether plaintiffs seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, "the Declaratory Judgment Act is not a jurisdictional statute. It does not create subject matter jurisdiction where none otherwise exists. It only creates a particular kind of remedy available in actions where the district court already has jurisdiction to entertain a suit." *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970).

*Id.* (citing Exhibits F, G, H, I, J, K to Compl., Dckt. No. 1-1).  Plaintiffs allege that "their claims regarding fees and penalties are not time barred as the purpose of those fees [was] not explained to plaintiff[s] at the time of the closing and signing of the subject loan." *Id.* ¶ 119.  Plaintiffs contend that they "suffered damages" as a result of defendants' alleged RESPA violations. *Id.* ¶ 120.

Defendants move to dismiss plaintiffs' RESPA claim, arguing that plaintiffs' claim under § 2607(b) is barred by the statute of limitations, that plaintiffs do not allege which provision of RESPA the defendants violated nor do they allege any facts as to how defendants violated RESPA, and plaintiffs cannot allege that defendants violated RESPA by failing to comply with disclosure requirements because defendants were not involved in the loan origination.[4]  Defs.' Mot. to Dism., Dckt. No. 17, at 15-16.  Defendants further contend that plaintiffs' RESPA claim fails because plaintiffs do not allege actual damages, as required by § 2605(f)(1)(A). *Id.* at 17.

To the extent plaintiffs claim that defendants violated § 2607(b) of RESPA, that claim fails.  Section 2607(b) of RESPA provides: "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed."  12 U.S.C. § 2607(b).  Plaintiffs have not included in their first amended complaint *any* factual allegations supporting a claim under § 2607(b).  Nor have they alleged any facts suggesting how defendants could have violated § 2607(b), given that they were not involved in the loan origination.  Moreover, it appears that even if plaintiffs did include factual allegations supporting a claim under § 2607(b), such a claim would be barred by the applicable statute of limitations.  The statute of limitations for violation of § 2607 is one year.  12 U.S.C. § 2614.  Since the loan at issue closed in September 2005, but this action was

---

[4] Defendants contend that HomEq Servicing "is merely the loan servicer for the beneficiary under the loan" and Wells Fargo as Trustee "is simply the owner of the note under the Trustee's Deed Upon Sale."  Dckt. No. 17 at 16-17.

1  not filed until October 2009, and since plaintiffs have not alleged any facts suggesting that the
2  statute of limitations should be equitably tolled, plaintiffs' § 2607(b) claim would be barred by
3  the statute of limitations.  Therefore, plaintiffs have not stated a claim for violation of § 2607(b)
4  against any of the defendants.
5        To the extent plaintiffs claim that defendants violated § 2605 for failure to respond to
6  their QWR, that claim also fails.  Section 2605(e)(1)(A) provides that "[i]f any servicer of a
7  federally related mortgage loan receives a qualified written request from the borrower (or an
8  agent of the borrower) for information relating to the servicing of such loan, the servicer shall
9  provide a written response acknowledging receipt of the correspondence within 20 days . . .
10 unless the action requested is taken within such period."  12 U.S.C. § 2605(e)(1)(A).  RESPA
11 defines a QWR as a notice that "includes a statement of the reasons for the belief of the
12 borrower, to the extent applicable, that the account is in error or provides sufficient detail to the
13 servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B).  A
14 QWR must seek information relating to the servicing of the loan; a request for loan origination
15 documents is not a QWR.  *Patacsil v. Wilshire Credit Corp.*, 2010 WL 500466, at *5 (E.D. Cal.
16 Feb. 8, 2010) (finding that request for information "simply relat[ing] to the origination of the
17 loan, not any servicing errors" was not a QWR); *Lima v. Am. Home Mortg. Servicing*, 2010 WL
18 144810, at *3 (N.D. Cal. Jan. 11, 2010) (holding that a request for "documents associated with
19 the loan's origination" is not a QWR under RESPA); *Consumer Solutions REO LLC v. Hillery*,
20 658 F. Supp.2d 1002, 1014 (N.D. Cal. 2009) ("[t]hat a QWR must address the servicing of the
21 loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon
22 the loan servicer, and not the owner of the loan.").
23       Plaintiffs' first amended complaint fails to sufficiently allege a QWR under RESPA.  The
24 first amended complaint contends that on or about May 15, 2009, plaintiffs sent defendant
25 Barclays Capital Real Estate dba HomEq Servicing Corporation a QWR and that defendant
26 failed to respond to the QWR.  FAC ¶ 18.  Plaintiffs contend that several exhibits were attached

7

to their initial complaint which plaintiffs contend amount to QWRs and which plaintiffs contend HomEq Servicing Corporation failed to respond to. *Id.* (citing Exhibits F, G, H, I, J, K to Compl., Dckt. No. 1-1). Although the exhibits were not properly attached to plaintiffs' first amended complaint, and that complaint supersedes plaintiffs' original complaint, because those exhibits are referenced in plaintiffs' first amended complaint, the court will consider them. A review of the cited exhibits reveals that none of those exhibits amounts to a QWR. Exhibits F, J, and K are letters to HomEq Servicing Corporation (dated May 15, 2009, May 18, 2009, and May 18, 2009, respectively) in which plaintiffs request a copy of the promissory note and original loan documents. Dckt. No. 1-1 at 57, 61, 62. Exhibits G, H, and I are three separate May 18, 2009 requests for a copy of plaintiffs' "Truth in Lending Statement, Regulation Z form, Notice of Right to Cancel." *Id.* at 58, 59, 60. Although the purported QWRs were sent to plaintiffs' loan servicer, none of the exhibits attached to plaintiffs' complaint seek information relating to the servicing of plaintiffs' loan. Rather, plaintiffs' purported QWRs were requests for plaintiffs' loan origination documents and therefore did not amount to QWRs under § 2605.

Additionally, even if plaintiffs had alleged a plausible RESPA claim under § 2605, they have failed to allege that they suffered actual damages resulting from the alleged RESPA violations. *See Morris v. Bank of Am.*, 2011 WL 250325, at *5 (N.D. Cal. Jan. 26, 2011) (dismissing RESPA claim where plaintiffs failed to allege that they had suffered actual damages resulting from defendants' failure to respond to their QWRs); *Molina v. Wash. Mut. Bank*, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010) ("Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim.") (collecting cases). Here, the first amended complaint insufficiently alleges that plaintiffs "suffered damages" as a result of defendants' alleged RESPA violations. FAC ¶ 120. Even reading the first amended complaint liberally, plaintiffs fail to plead any non-conclusory factual allegations indicating how they were damaged by the alleged failures to respond to the QWRs. *Cf. Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Allen only offers the conclusory statement that

8

1  'damages consist of the loss of plaintiff's home together with his attorney fees.'  He has not
2  actually attempted to show that the alleged RESPA violations caused any kind of pecuniary loss
3  (indeed, his loss of property appears to have been caused by his default).").  Therefore, plaintiffs
4  have not stated a claim based on defendants' alleged failure to respond to a QWR in violation of
5  RESPA.

6  Although plaintiffs move for leave to file a second amended complaint, the second
7  amended complaint does not cure plaintiffs' RESPA failures.  Pls.' Mot. to Amend, Dckt. No.
8  23; Pls.' Proposed Second Am. Compl. ("SAC"), Dckt. No. 23.  The proposed second amended
9  complaint does not allege any additional facts in support of plaintiffs' RESPA claim.  *See id.*
10 ¶¶ 122-29.  To the contrary, the proposed second amended complaint removes some of the
11 RESPA allegations that appear in plaintiffs' first amended complaint.  *See* SAC ¶ 9.
12 Accordingly, because amendment of plaintiffs' RESPA claim would be futile, plaintiffs' motion
13 to amend that claim should be denied.[5]  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)
14 (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not
15 be granted where it appears amendment would be futile).

16  C.  State Law Claims

17  Plaintiffs also assert numerous supplemental state law claims throughout the first
18 amended complaint.  *See generally* FAC.  Although defendants move to dismiss each of those
19 claims on the merits, because plaintiffs' federal claims should be dismissed, this court should
20 decline supplemental jurisdiction over those state law claims and remand them to state court.

21  It is within the court's discretion to exercise supplemental jurisdiction over plaintiffs'
22 remaining state law claims.  *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, ___U.S.___, 129 S. Ct. 1862,
23 1866-67 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F3d 931, 936 (9th Cir.

---

[5] The only other federal claims alleged in plaintiffs' second amended complaint are for purported violations of 18 U.S.C. § 241 and 42 U.S.C. § 3631.  SAC ¶ 101.  However, those are criminal statutes that do not create a private right of action.  Therefore, plaintiffs' request for leave to add those federal claims is denied.

9

2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .)." "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Here, because the federal claims will be eliminated at the pleadings phase, and all the remaining claims are state law claims, it is in the interests of judicial economy, convenience, fairness, and comity to remand the remaining claims.

IV. Conclusion

For the foregoing reasons IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss plaintiff's first amended complaint, Dckt. No. 17, be granted in part;

2. Plaintiffs' motion for leave to file a second amended complaint, Dckt. No. 23, be denied;

3. Plaintiffs' state law claims be remanded to Solano County Superior Court; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed within seven days after service of the objections. Failure to file objections within

1  the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*,

2  158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: March 7, 2011.

```
                    _____
                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE
```